UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD SCHUPPEL, DONALD IHLENFELD
and THOMAS SCHALLS,
        Plaintiffs,

v.                                                               Case No. 07C0853

TEAMSTERS "GENERAL" LOCAL UNION NO. 200,
        Defendant.

## DECISION AND ORDER

Plaintiffs Richard Schuppel, Donald Ihlenfeld and Thomas Schalls bring this action against defendant Teamsters Union Local 200 ("Local 200") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Local 200 now moves to dismiss or alternatively for summary judgment.

### I. PLAINTIFFS' ALLEGATIONS

Plaintiffs are former employees of Werner, Johann & Son, Inc. ("Werner") and former members of defendant Local 200. Plaintiffs allege that in 1966, Local 200 and Werner became parties to an existing labor agreement (the "CBA"), which called for Werner to participate in the Central States Pension Fund ("the Plan"), a multi-employer employee benefit plan. Plaintiffs allege that for a number of years, Werner neglected to contribute to the Plan. Plaintiffs further allege that Local 200 was a fiduciary of the Plan and, as a fiduciary, owed certain duties to them under ERISA, which it failed to perform. Specifically, plaintiffs allege that Local 200 failed to "procure a participation agreement" from Werner, "provide a participation agreement to the pension fund," "enter trust agreements necessary to create the Plan," "designate the Employer Trustees," "notify the

Plan of plaintiffs' participation in the Plan," "make a joint request for retroactive participation in the Plan" or give plaintiffs a copy of the CBA. (Compl. at ¶ 16.) Plaintiffs also allege that as a result of Local 200's failures, they incurred significant damages. They also allege that they did not discover these failures until 2005. Plaintiffs claim that Local 200's actions violated several ERISA provisions, namely 29 U.S.C. §§ 1104, 1105, 1132 and 1133, and violated the common law duty of good faith and fair dealing.[1]

## II. STANDARD OF REVIEW

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The essence of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not that the plaintiff has pleaded insufficient facts, it is that even accepting all of the alleged facts, the plaintiff has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). Of course, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citation omitted). In other words, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In considering a Rule 12(b)(6) motion, I generally may not consider material outside the pleadings. However, when a complaint refers to a document not attached to the

---

[1]Plaintiffs' complaint does not refer to a claim under § 1105, but plaintiff raises this section in its response to the motion to dismiss. A "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). As such, I will not dismiss out of hand any legal theories raised for the first time in plaintiffs' brief. Instead, I ask whether the complaint alleges facts supporting the new legal theory.

complaint, a court may consider that document in ruling on a Rule 12(b)(6) motion if the document is unquestioned. Minch v. City of Chicago, 486 F.3d 294, 300 n.3 (7th Cir. 2007). In the present case, the complaint refers to the CBA and the Plan and such documents are central to this case. Local 200 has submitted copies of the CBA and the Plan, and plaintiffs do not dispute their authenticity. Therefore, in addressing Local 200's Rule 12(b)(6) motion, I will rely on them. However, I will not consider Local 200's motion as one for summary judgment and will not consider the additional material that it filed.

### III. DISCUSSION

**A.     Claim that Local 200 Violated §§ 1104, 1105 and 1132(a)(3)**

Plaintiffs allege that Local 200 violated §§ 1104 and 1332(a)(3) by failing to appropriately discharge its fiduciary duties and violated § 1105 by participating, as a fiduciary, in a co-fiduciary's breach of his fiduciary duties. Thus, plaintiffs' claims under these sections cannot survive defendant's motion unless Local 200 is a fiduciary as defined by ERISA. ERISA provides that a person is a fiduciary of an employee benefit plan if such person is named in the plan, 29 U.S.C. § 1102(a)(2), or

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Thus, a fiduciary under this section is a person or entity which has obligations to or control of an employee benefit plan, not one who has obligations to individual beneficiaries of a plan. Forys v. United Food and Commercial Worker's Int'l

Union, 829 F.2d 603, 607 (7th Cir. 1987). In enacting this section, Congress was primarily concerned "'with the possible misuse of plan assets.'" Id. (quoting Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142-43 (1985)).

Relying on § 1002(21)(A)(iii), plaintiffs argue that Local 200 has discretionary control over the administration of the Plan by virtue of its power to (1) procure a participation agreement from Werner, (2) provide a participation agreement to the pension fund, (3) enter into appropriate trust agreements necessary for the administration of the pension fund and (4) designate the Employer Trustees under such agreement. (Compl. at ¶ 14.) Plaintiffs do not advance any legal arguments that support their contention that the powers they cite in (1), (2) and (3) above make Local 200 a fiduciary. And case law makes clear that possessing such powers does not make a union a fiduciary. A union's duty to seek favorable benefits for its members and to enter into the agreements necessary to ensure that a benefit plan can function do not make it a fiduciary of the plan. Forys, 829 F.2d at 607; United Indep. Flight Officers, Inc. v. United Air Lines, Inc., 756 F.2d 1274, 1280 (7th Cir. 1985); United Indep. Flight Officers, Inc. v. United Air Lines, Inc., 756 F.2d 1262, 1268 (7th Cir. 1985). Nor do such duties impose a duty on the union to oversee an employer's contributions to the plan. Rosen v. Hotel & Rest. Employees & Bartenders Union, 637 F.2d 592, 599 (3d Cir. 1981).

As to (4) above, plaintiffs cite several cases indicating that the power to appoint plan trustees can confer fiduciary status on an the appointing party. See, e.g., Licensed Div. Dist. No. 1 MEBA/NMU v. Defries, 943 F.2d 474 (4th Cir. 1991); Liss v. Smith, 991 F. Supp. 278 (S.D.N.Y. 1998); Freund v. Marshall & Ilsley Bank, 485 F. Supp. 629 (W.D. Wis. 1979). However, in the present case, both the CBA and the Plan make clear that Local

4

200 had no power to appoint Employer Trustees.[2] In the CBA, Werner authorizes "Employers' Associations," not Teamsters Local 200, "to enter into appropriate trust agreements necessary for the administration of [the Plan], and designate the Employer Trustees under such agreement." (Br. in Supp. Ex. A at 26 (1966 version); Br. in Supp. Ex. M at 13 (1999 version).) Further, the Plan specifies that the Employer Trustees shall be appointed by the Motor Carriers Employers Conference - Central States, the Souther Motor Carriers Labor Relations Association, the United Parcel Service of America, the Cartage Employers Management Association, and the trustees themselves. (Br. in Supp. Ex. C at 4.) Thus, though plaintiffs allege that the CBA and the Plan grant Local 200 the power to appoint trustees, the documents belie this allegation.

Further, even were I to ignore the language of the CBA and the Plan, plaintiffs' fiduciary claims would nevertheless have problems. Plaintiffs do not allege or argue that Local 200 exercised appointment power in a manner detrimental to the Plan. Rather, they allege that Local 200 failed to exercise the appointment power in some undisclosed way detrimental to plaintiffs. As stated, ERISA's fiduciary liability provisions are concerned with "'misuse of plan assets,'" not with responsibilities toward individual beneficiaries. Forys, 829 F.2d at 607 (quoting Russell, 473 U.S. at 142-43); see also § 1002(21)(A).

While plaintiffs correctly assert that it is often inappropriate to dismiss a case on the basis of fiduciary status prior to discovery, in the present case, the contracts that plaintiffs claim confer fiduciary status upon Local 200 in fact do not do so. Further, plaintiffs have

---

[2]On April 30, 2008, at a conference on this motion, plaintiffs' attorney clarified that the complaint's reference to Employer Trustees was not a typographical error. In any case, the Plan does not give Local 200 the power to appoint Employee Trustees, either.

5

Case 2:07-cv-00853-LA     Filed 05/02/08     Page 5 of 8     Document 20

not suggested that any other evidence exists that might support their contention that Local 200 has any discretionary control over the Plan. Thus, there is no point in authorizing discovery and no reason to delay dismissing plaintiff's claims under §§ 1104, 1005 or 1132.

**B.     Claim that Local 200 Violated § 1133(1) & (2)**

Section 1133 states that:

In accordance with regulations of the Secretary, every employee benefit plan shall –
   (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
   (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

By its terms, this section only applies to an "employee benefit plan." Plaintiffs' complaint does not allege that Local 200 is an employee benefit plan, and it clearly is not. Plaintiffs argue that Local 200 is a plan fiduciary or a plan administrator, and thus may be sued under § 1133. Putting to the side the fact that neither the CBA nor the Plan makes Local 200 a fiduciary or administrator of the plan, this is incorrect as a matter of law. Only an employee benefit plan may be sued under § 1133. Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397, 406 (7th Cir. 1996); see also Smith v. Foremost Farms, No. 05-C-686, 2007 WL 101201, at * 4 (E.D. Wis. Jan. 8, 2007). Local 200 is not an employee benefit plan, thus I will dismiss plaintiffs' § 1133 claims.

**C.     Claim that Local 200 Breached a Duty of Good Faith and Fair Dealing**

"'Every contract implies good faith and fair dealing between the parties to it.'" Bozzacchi v. O'Malley, 211 Wis. 2d 622, 626 (Ct. App. 1997) (quoting Chayka v. Santini,

6

47 Wis. 2d 102, 107 n.7 (1970)); accord Restatement (Second) of Contracts § 205. Plaintiffs assert that Local 200 breached this duty and thereby violated state law or, to the extent that ERISA preempts a state law claim, violated federal law. ERISA preempts state law regarding the duty of good faith and fair dealing as it relates to an employee benefits plan. Smith v. Blue Cross & Blue Shield United, 959 F.2d 655, 657 (7th Cir. Wis. 1992). The Seventh Circuit has stated that "where ERISA preempts state law but is silent on a topic, courts should develop a body of federal common law, where appropriate, based on principles of state law." Metro. Life Ins. Co. v. Johnson, 297 F.3d 558, 567 (7th Cir. 2002). However, the federal courts have not established a common law duty of good faith and fair dealing applicable to ERISA plans and one judge in this district recently declined to recognize such duty. Smith, 2007 WL 101201, at *4.

Regardless of the preemption and federal common law issues, plaintiffs have failed to state any good faith claim. Plaintiffs do not specify which contract underlies this claim. Their complaint refers to two contracts: the Plan and the CBA. They concede that their good faith claim has only a "'tenuous, remote or peripheral'" relationship to the Plan, (Br. in Opp'n to Mot. to Dismiss at 14 (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n.21 (1983)), thus their claim must be related to the CBA. However, plaintiffs are not parties to the CBA (except as represented by Local 200), thus there is no basis for their assertion that Local 200 had a duty of good faith and fair dealing with respect to them. See Bozzacchi, 211 Wis. 2d at 626 (referring to a duty "between the parties" to a contract). Further, the relationship between plaintiffs and Local 200 is likely governed by federal labor relations law not by ERISA or any ERISA-related common law. Regardless, it is clear that

7

plaintiffs have failed to state a claim for breach of an implied duty of good faith and fair dealing, whether such duty arises out of state or federal law. Thus, I will dismiss this claim.

## IV. CONCLUSION

**Therefore,**

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2 day of May, 2008.

/s_____
LYNN ADELMAN
District Judge